No.04-14-00791-CV

In the Court of Appeals
For the Fourth Court of Appeals District
San Antonio, Texas

Michael Thomas Paul,

Appellant,

v.

Gregg Abbott,
Appellee

ON APPEAL FROM THE 225TII JUDICIAL DISTRICT COURT, BEXAR COUNTY

TEXAS

TRIAL COURT NO 2001- CI-16843

HONERABLE MICHAEL MERY, JUDGE PRESIDING

APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE

BRIEF AND MOTION WAVING ALL COSTS OF APPEAL

Michael Thomas Paul
9123 Easy Street
San Antonio, Texas 78266 (210)294-4533
*propia persona*

# Identities of Parties and Counsel

Appellant/ Defendant

Michael Thomas Paul, pro se
9123 Easy Street
San Antonio, Texas 78266
(210)294-4533

Appellee / Plain tiff

Greg Abbott, Attorney General State of Texa
Through Asst Attorney General
Scott MacDonald Graydon
P.O. Box 12548
San Antonio, Texas 78711-2548

8. On November 18, 2014, the District Clerk filed a CONTEST TO APPELLANT'S AFFIDAVIT OF INABILITY TO PAY COSTS ON APPEAL, OR ,IN THE ALTERNATIVE, REQUEST FOR FINDING THAT APPEAL IS FRIVOLOUS.

Appellant received no notice of the motion filed by the District Courts attorney as required Tex. R. Civ. P. 21.

December 03, 2014 presiding judge Janet Littlejohn eneters an order that appellant must pay all costs in his appeal and pay for the Clerk's record to be prepaired and sent to the appellate court.

9. Upon return of denied efiling of appellant's perfected NOTICE OF APPEAL by clerk's office. Appelant filed motion to have the default order for costs set aside. and set the matter for December 22, 2014. Presided by judge John Gabriel who said he would make his ruling later. December 29 , 2014 appellant had still not received a ruling from the court, telephoned appellate court clerk to inquire how to proceed due to an order from the court of appeals requiring filing of perfected NOTICE being due. Appellant was instructed to provide a copy of the motion filed for a stay on the order to pay all costs. The very next day

a ruling is made from the chambers of judge John Gabriel more than a week after the hearing. He sustaines the prior order of December 03, 2014 stating that the appellant's appeal is frivilous and poses no question of law therefor he should pay all costs of appeal.

10. It had become apparent to Appellant the States attorney was intent on not allowing appellant to finish his appeal one way or another. ESPECIALY after he inquired to the district clerks office how files could just become missing with no digital Copy or physical originals more than 10 years later since He could not find the copies of the judge's Writs of with holdings from his disability nor could he find the Served notices or any other notice as required under rule 21 and last he could not find the Judges order for fraudulently filed judgment which he has a copy stamped as received by the District clerk yet none appears either by the clerk or an order signed by a judge. In fact more than 4 separate entries into the COURT computer ORDERING GARNISHMENTS AND JUDGMENT, but no documents

a ruling is made from the chambers of judge John Gabriel more than a week after the hearing. He sustaines the prior order of December 03, 2014 stating that the appellant's appeal is frivilous and poses no question of law therefor he should pay all costs of appeal.

10. It had become apparent to Appellant the States attorney was intent on not allowing appellant to finish his appeal one way or another. ESPECIALY after he inquired to the district clerks office how files could just become missing with no digital Copy or physical originals more than 10 years later since He could not find the copies of the judge's Writs of with holdings from his disability nor could he find the Served notices or any other notice as required under rule 21 and last he could not find the Judges order for fraudulently filed judgment which he has a copy stamped as received by the District clerk yet none appears either by the clerk or an order signed by a judge. In fact more than 4 separate entries into the COURT computer ORDERING GARNISHMENTS AND JUDGMENT, but no documents or photo copies, Yet it was reported to all the major credit bureaus. Appellant even has the copies from the credit Bureaus showing as much.

11. Appellant firmly believes the Office of the state attorney and the Office of the District clerk are corrupt and he will not get a fair hearing in Bexar County or be allowed to have his appeal presented for adjudication if they can find a way to stop it.

12. September, 1, 2011. The Texas Supreme Court adopts Texas Rules of Appellate Procedure 20.1 , (a), (3) as follows:

(3) By Presumption of Indigence. In a suit filed by a governmental entity in which termination of the parent-child relationship or managing conservatorship is requested, a parent determined by the trial court to be indigent is presumed to remain indigent for the duration of the suit and any subsequent appeal, as provided by section 107.013 of the Family Code, and may proceed without advance payment of costs.

Appellant· was defendant in action brought by state agency for the express purpose of termination of perental rights in a suit effecting the parent child relationship where at the time of said suit appellant was recognized by the trial court in the trial cause 2001-CI-16843 as indigent.

13. *Record to be Prepared Without Prepayment.* If a party establishes indigence, the trial court clerk and the court reporter must prepare the appellate record without prepayment. No records have been prepared nor given to Appellant for completion of his Brief as required.

## III. VIOLATION OF TEX. R. APP. P. 6.3(c)

14. Appellant is a pro se litigant and is not represented by counsel. His status as a pro se litigant has given opposing counsel, the Bexar County Civil Court staff attorney's office, district court judges, and the Bexar County District Clerk license to routinely and blatantly depart from civil and appellate procedure at a whim in proceedings involving Appellant. In fact, the district clerk's resistance to filing and serving a complete record on appeal of district court proceedings is because the trial record, *on the face of it,* is rife with evidence of numerous departures from civil procedure, outright illegalities, and disturbing acts of official oppression. As a result, Appellant will not be able to prepare the brief in time to meet the Court's briefing deadline absent an extension.

## IV. APPELLANT VICTIM OF SUSTAINED HARRASSMENT; CANNOT AFFORD TO PAY FOR THE RECORD.

17. Notwithstanding Tex. R. App. P. 6.3(c), Appellant cannot afford to pay for the record on appeal. The trial court's unlawful judgment for costs against Appellant based on fraudulent pleadings of district court personnel has created extreme financial hardship on Appellant. Further, Appellant has been the victim of cyber hacking and court-sanctioned burglary several times within the past ten years.

## III. VIOLATION OF TEX. R. APP. P. 6.3(c)

14. Appellant is a pro se litigant and is not represented by counsel. His status as a pro se litigant has given opposing counsel, the Bexar County Civil Court staff attorney's office, district court judges, and the Bexar County District Clerk license to routinely and blatantly depart from civil and appellate procedure at a whim in proceedings involving Appellant. In fact, the district clerk's resistance to filing and serving a complete record on appeal of district court proceedings is because the trial record, *on the face of it*, is rife with evidence of numerous departures from civil procedure, outright illegalities, and disturbing acts of official oppression. As a result, Appellant will not be able to prepare the brief in time to meet the Court's briefing deadline absent an extension.

## IV. APPELLANT VICTIM OF SUSTAINED HARRASSMENT; CANNOT AFFORD TO PAY FOR THE RECORD.

15. Notwithstanding Tex. R. App. P. 6.3(c), Appellant cannot afford to pay for the record on appeal. The trial court's unlawful judgment for costs against Appellant based on fraudulent pleadings of district court personnel has created extreme financial hardship on Appellant.

His financial status as a result of these attacks precludes him from being able to pay for court documents. As a result, he will not be able to prepare the brief in time to meet the Court's briefing deadline absent an extension..

16. Appellant has undergone recent medical procedures and is currently still recovering. He is unable to sit or stand for extended periods of time and must rest frequently. As a result, he will not be able to prepare the brief in time to meet the Court's briefing deadline absent an extension.

### V. APPELLENT SEEKS COURT REPORTERS RECORDS FOR TWO PRE-TRIAL HEARING'S.

17. To Appellant's knowledge and belief, Court Reporters require approximately two weeks after payment in full to file certified transcripts of court proceedings.

### VI. REQUESTED EXTENSION IS NECESSARY.

18. Appellant seeks this extension of time to be able to prepare a cogent and succinct brief to aid this Court in its analysis of the issues presented. This request is not sought for delay but so that justice may be done.

His financial status as a result of these attacks precludes him from being able to pay for court documents. As a result, he will not be able to prepare the brief in time to meet the Court's briefing deadline absent an extension..

16. Appellant has undergone recent medical procedures and is currently still recovering. He is unable to sit or stand for extended periods of time and must rest frequently. As a result, he will not be able to prepare the brief in time to meet the Court's briefing deadline absent an extension.

### V. APPELLENT SEEKS COURT REPORTERS RECORDS FOR TWO PRE-TRIAL HEARING'S.

17. To Appellant's knowledge and belief, Court Reporters require approximately two weeks after payment in full to file certified transcripts of court proceedings.

### VI. REQUESTED EXTENSION IS NECESSARY.

18. Appellant seeks this extension of time to be able to prepare a cogent and succinct brief to aid this Court in its analysis of the issues presented. This request is not sought for delay but so that justice may be done.

## VI. REQUESTED EXTENSION IS NECESSARY.

19.    Appellant seeks this extension of time to be able to prepare a cogent and succinct brief that will pose a significant number of questions pertaining to the application of current state statutes in relation to the trial courts application of them in the Family Courts. Issues ranging from the Fifth, Eleventh and Fourteenth Amendments of the United States Constitution to questions of Texas Civil Practice and Remedies Code will be presented. This request is not sought for delay but so that Justice may be preserved for all.

20.    The undersigned has attempted to confer with opposing counsel, but counsel has not responded to several overtures. Consequently, this Motion for Extension of Time to File Brief cannot be characterized as unopposed.

21.    All facts recited in this motion are within the personal knowledge of the counsel pro se signing this motion, therefore no verification is necessary under Texas Rule of Appellate Procedure 10.2.

## VII. PRAYER FOR RELIEF

20. For the reasons set forth above, Appellant requests that this Court grant this First Motion to Extend Time to File Appellant's Brief and Motion Waving All Costs of Appeal, order clerk to prepair and deliver to all parties the official record, extend the Deadline for Filing the Appellant's Brief up to and including 30 days after receiving of the court reporters transcriptions from hearings.

## VII. PRAYER FOR RELIEF

20. For the reasons set forth above, Appellant requests that this Court grant this First Motion to Extend Time to File Appellant's Brief and Motion Waving All Costs of Appeal, order clerk to prepair and deliver to all parties the official record, extend the Deadline for Filing the Appellant's Brief up to and including 30 days after completed appeals record has been timely filed *and served on all parties.* Appellant additionally requests any and all other relief to which he may show himself to be justly entitled.

Respectfully submitted.

Michael Thomas Paul
*Propia Persona*

### VIII. Certificate of Conference

I certify that I attempted to confer with counsel for Appellee regarding this motion and that Appellee did not respond.

MICHAEL THOMAS PAUL
9123 EASY STREET
SAN ANTONIO, TEXAS 78266
(210)294-4533

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned instrument was served on the following via E-File and E-Serve delivered on the 09th of January, 2015.

Scott M Graydon,
Asst. Attorney General
P.O Box 12548
Austin,TX 78711-2548

E-File Texas E-Serve /

E-Mail

Donna Kay McKinney
Bexar County District Clerk
101 W Nueva, Suite 217
San Antonio, TX 78205-3411
(210) 335-2113

E-File Texas E-Serve /

E-Mail

Michael Thomas Paul,
propia Persona
9123 Easy Street
San Antonio, Texas 78266
(210)294-4533



CAUSE NO. 2004-PA-00141

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| EZRA NEVADA PAUL | § | BEXAR COUNTY, TEXAS |
| A CHILD | § | 225TH JUDICIAL DISTRICT |

## ORDER OF TERMINATION

On December 9, 2004, the Court heard this case.

1. **Appearances**

   1.1. The Department of Family and Protective Services ("the Department") appeared through **CHERYL L. HINES**, caseworker, and by attorney, **KIMBERLY S. BURLEY** and announced ready.

   1.2. Respondent Mother **BRANDY WOOLVERTON** did ~~not~~ appear, and announced ready.

   1.3. Respondent Presumed Father **MICHAEL PAUL** appeared through attorney of record MICHAEL ROBBINS and announced ready. Said announcement was overruled by the Court. └Not

   1.4. **CYNTHIA MASSON**, appointed by the Court as Attorney and Guardian Ad Litem for the child the subject of this suit, appeared and announced ready.

   1.5. Also Appearing was Intervenor CHRISTY KING and her attorney CHARLES TABET.

2. **Jurisdiction and Service of Process**

   2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

   2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction to render final orders regarding the child the subject of this suit pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the child.

   2.3. The Court finds that all persons entitled to citation were properly cited.

3. **Jury**

   A jury was waived, and all questions of fact and of law were submitted to the Court.

Order Setting Hearing
Page 1

Amanuensis Version 2.0

MICHAEL PAUL

Digitally signed by MICHAEL PAUL
DN: cn=MICHAEL PAUL, o, ou,
email=mcp8389@gmail.com,
c=US
Date: 2014.09.21 21:14:58 -07'00'

## EXHIBIT B-1

4. **Record**

The record of testimony was duly reported by _Kim Rice-Lobello_____, the court reporter for the Master's Court, Room 2.2_6_, Bexar County Courthouse, San Antonio, Texas.

5. **The Child**

The Court finds that the following child is the subject of this suit:

Name: **EZRA NEVADA PAUL**
Sex: **Female**
Birth Date: **November 26, 2000**
Social Security Number: **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**
Present Residence: **adoptive home**
Driver's License Number: **n/a**

6. **Termination of Respondent Mother BRANDY WOOLVERTON'S Parental Rights**

6.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **BRANDY WOOLVERTON** and the child the subject of this suit is in the child's best interest.

6.2. Further, the Court finds by clear and convincing evidence that **BRANDY WOOLVERTON** has:

6.2.1. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code;

6.3. **IT IS THEREFORE ORDERED** that the parent-child relationship between **BRANDY WOOLVERTON** and the child the subject of this suit is terminated.

7. **Termination of Respondent Father MICHAEL PAUL'S Parental Rights**

7.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between **MICHAEL PAUL** and the child **EZRA NEVADA PAUL**, is in the child's best interest.

7.2. Further, the Court finds by clear and convincing evidence that MICHAEL PAUL has:

7.2.1. ~~voluntarily left the children alone or in the possession of another without providing adequate support of the children and remained away for a period of at least six months;~~

7.2.2. knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;

Amanuensis Version 2.0

~~7.2.3. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;~~

7.2.4. failed to support the children in accordance with the father's ability during a period of one year ending within six months of the date of the filing of the petition;

~~7.2.5. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code;~~

7.2.6. constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the children to the father; (2) the father has not regularly visited or maintained significant contact with the children; and (3) the father has demonstrated an inability to provide the children with a safe environment;

7.2.7. failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children;

~~7.2.8. used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the children and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance;~~

7.3. **IT IS THEREFORE ORDERED** that the parent-child relationship between **MICHAEL PAUL** and the children **EZRA NEVADA PAUL** is terminated.

8. **Interstate Compact**

The Court finds that Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

9. **Managing Conservatorship: EZRA NEVADA PAUL**
   ┌CHRISTY KING and the
   **IT IS ORDERED** that ~~the~~ **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** ~~is~~ appointed ~~Permanent~~ JOINT Managing Conservator of **EZRA NEVADA PAUL**, a child the subject of this suit, the Court finding this appointment to be in the best interest of the child.

Amanuensis Version 2.0

## 10. Required Information Regarding the Parties and Child

10.1. The child's information is provided above; the information required of each party not exempted from such disclosure is:

| 10.1.1. | Name: | **BRANDY WOOLVERTON** |
| | Social Security number: | **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** |
| | Current address: | **10010 Broadway St #726, San Antonio, TX 78217** |

| 10.1.2. | Name: | **MICHAEL PAUL** |
| | Social Security number: | **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** |
| | Current address: | **9123 Easy Street, Braken, TX 78266** |
| | Home telephone number: | **(830) 438-4172** |

## 11. Continuation of Court-Ordered Ad Litem or Advocate

11.1. The Court finds that the child the subject of this suit will continue in care and this Court will continue to review the placement, progress and welfare of the child.

11.2. **IT IS THEREFORE ORDERED** that CYNTHIA MASSON, earlier appointed as Attorney and Guardian Ad Litem to represent the best interest of the child, is continued in this relationship until further order of this Court or final disposition of this suit.

## 12. Dismissal of Other Court-Ordered Relationships

Except as otherwise provided in this order, any other existing court-ordered relationships with the child the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the child are dismissed from this suit.

## 13. Inheritance Rights

This Order shall not affect the right of any child to inherit from and through any party.

## 14. Denial of Other Relief

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

## 15. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:

YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE

IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

SIGNED this 9th day of December, 2004.

APPROVED AND RECOMMENDED

_____
ASSOCIATE JUDGE

APPROVED AS TO FORM:

_____
Kimberly S. Burley
Attorney for Petitioner, Department of Family and Protective Services
Bexar County Justice Center
300 Dolorosa, 5th Floor
San Antonio, TX 78205
*phone:* (210) 224-1430
*fax:* (210) 224-9887
State Bar # 00795274


_____
Cynthia Masson
Attorney and Guardian Ad Litem for the Child
310 S. St. Mary's #1250
San Antonio, TX 78205
State Bar # 13831000 24005107


_____
Michael Robbins
Attorney for the Presumed Father Michael Paul
201 Donaldson
San Antonio, TX 78201-4904
State Bar # 16984600

IT IS ORDERED AND ADOPTED

_____
JUDGE PRESIDING

DEC 2 1 2004